Rayminh L. Ngo, Esq.,
**HIGBEE & ASSOCIATES** (Of Counsel)
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6729 facsimile
rngo@higbeeassociates.com
*Counsel for Plaintiff*
MICHAEL JARECKI

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL JARECKI,<br><br>                              Plaintiff,<br><br>v.<br><br><br>ESSENCE COMMUNICATIONS INC.; and DOES 1-10, inclusive<br><br>                              Defendant. | Case No. 19-5462<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Michael Jarecki alleges as follows:

### PARTIES

1.     Plaintiff Michael Jarecki ("Jarecki" or "Plaintiff") resides in the State of Illinois and is a professional photographer by trade.

2.     On information and belief, Essence Communications is a New York corporation located in New York, New York.

3.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and

believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendants" shall mean all named Defendants and all fictitiously named Defendants.

## JURISDICTION AND VENUE

4.     This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

5.     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

6.     This Court has personal jurisdiction over Defendants because Defendants conduct business and/or resides within this judicial district, Defendants' acts of infringement complained of herein occurred in this judicial district, and Defendants caused injury to Plaintiff within this judicial district.

7.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendants resides and have a regular and established place of business in this judicial district.

## FACTUAL BACKGROUND

8.     Plaintiff Michael Jarecki is a fashion and beauty photographer represented by Line Management.  His clients include: Nike, Hurley, Hue,

CB2, Schawk Studios, Ford Models, Utopia NYC, MP Management, Distinct Artists. Mr. Jarecki works in Chicago and New York.

9. Defendant Essence Communications is the owner and operator of the website https://www.essence.com/, dedicated to serving as the "daily source for African American-related news, entertainment, and community, and reflects the intimate tone and approach of the esteemed ESSENCE brand. As part of its daily content offerings, ESSENCE.com delivers engaging blogs, robust photo galleries, original video programming, and substantial online community." (the "Website"). *See* https://www.essence.com/about/. True and correct screenshots of the Website are attached hereto as Exhibit A.

10. Jarecki's Image is currently on Defendant Essence Communications' website.

11. Plaintiff is informed and believes Defendant posts content to its Website to attract user traffic and drive advertising revenue.

12. Jarecki is the sole author and exclusive rights holder to Image of musician Rhymefest and his father "fist-bumping."

13. True and correct copies of the Image is attached hereto as Exhibit B.

14. Jarecki registered the Image with the United States Copyright Office. Image is registered under certificate VA 1-205-823.

15. On or about June 27, 2019, Jarecki discovered that Defendant had used the Image on its Website. True and correct screenshots of the Infringing Image are attached hereto as Exhibit C.

16. On information and belief, Defendant Essence Communications has the right and ability to supervise and control the content uploaded to the Website, including photographs.

17. Jarecki had never issued a license or otherwise granted permission

for Defendants to use the Image on their Website.

## FIRST COUNTERCLAIM
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq.*

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Photographs.

20. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photographs of the Plaintiff without Plaintiff's consent or authority, by using them in the Infringing Articles on the Website.

21. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

22. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

23. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

WHEREFORE, Michael Jarecki requests judgment against Defendant as

follows:

- For a finding that Defendants infringed Plaintiff's copyright interest in the Photographs by copying and displaying without a license or consent;

- For an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: September 23, 2019                    Respectfully submitted,

**/s/Rayminh L. Ngo, Esq.,**
Rayminh L. Ngo
**HIGBEE & ASSOCIATES**
(Of Counsel)
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6729 facsimile
rngo@higbeeassociates.com
*Counsel for Plaintiff*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Michael Jarecki hereby demands a trial by jury in the above matter.

Dated: September 23, 2019          Respectfully submitted,

                                        **/s/Rayminh L. Ngo, Esq.,**
Rayminh L. Ngo
**HIGBEE & ASSOCIATES**
(Of Counsel)
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6729 facsimile
rngo@higbeeassociates.com
*Counsel for Plaintiff*